IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMOS HICKS                                                                    PETITIONER

v.                                              CIVIL ACTION NO. 1:25-cv-251-TBM-ASH

TIMOTHY BARNES, Superintendent
of the Central Mississippi Correctional Facility                    RESPONDENT

### MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Amos Hicks's petition for habeas relief under 28 U.S.C. § 2254 was filed on August 12, 2025, while he was incarcerated in the Central Mississippi Correctional Facility in Pearl, Mississippi. [1] at pg. 1. Hicks's Motion to Proceed *in Forma Pauperis* was denied on September 23, 2025. [8]. That Order [8] directed Hicks to pay the $5.00 filing fee within 30 days of the entry of the Order and warned him that failure to do so could result in the dismissal of this civil habeas action. *Id.* at pg. 2. The envelope containing that Order [8] was not returned by the postal service as undeliverable. Hicks however did not comply.

On November 7, 2025, the Magistrate Judge entered an Order to Show Cause [9] directing Hicks to show cause, on or before November 24, 2025, as to why the action should not be dismissed for failure to fully comply with the Court's Order. [9], pp. 1–2. Hicks was warned that "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this cause being dismissed without prejudice and without further notice to the Plaintiff." *Id.* at 2. The envelope containing the Order to Show Cause [9] was not returned as undeliverable. But, because that Response [10] filed on November 25, 2025, did not relate to the

filing fee, but added a claim relating to habeas and his request to reinstate his parole, *see* [10] at pp. 1–2, the Magistrate Judge entered a Second and Final Order to Show Cause [11] that provided Hicks with another opportunity to comply with the prior Order [8].

That Second Order to Show Cause [11] directed Hicks to respond on or before December 23, 2025, and (1) explain why the Court should not dismiss this civil action; and (2) to comply with the previous Order [8] by paying the required $5.00 filing fee. [11], pg. 2. The Order warned Hicks that "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . **will result** in this cause being dismissed without prejudice and without further notice to Petitioner." *Id.* (emphasis in original). Hicks was also warned that "[t]his is Petitioner's **final opportunity** to comply with the Order [8] requiring him to pay the $5.00 filing fee. *Id.* (emphasis in original). The Second Order to Show Cause [11] was mailed to the Central Mississippi Correctional Facility in Pearl, Mississippi, which was Hicks's last known address of record. Hicks filed a Response [12] on February 9, 2026, and again it did not relate to paying the filing fee, but asserted his eligibility for parole. [12], pg. 1–4. Even though Hicks filed a Response [12], he has not complied with the Second and Final Order to Show Cause [11] requiring him to pay the filing fee as directed by the Court's Order [8].

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte. See Link v. Wabash Railroad*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630–31. Such a

"sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. The authority to dismiss for failure to prosecute extends to habeas petitions. *See Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming dismissal of pro se petitioner's habeas petition under Rule 41 (b) when the petitioner did not comply with a court order).

As stated above, Hicks's Responses [10] [12] to the Court's show-cause Orders [9] [11] did not comply with the Court's Order [8] requiring him to pay the filing fee. Hicks was repeatedly warned that failure to comply with the Court's Orders would result in the dismissal of his case. [11], pg. 2; [9], pg. 2; [8], pg. 2; [4], pg. 1; [3], pg. 1; [1-1], pg. 1. Hicks has not complied with three Court Orders [8], [9], [11]. Such inaction represents a clear record of delay or contumacious conduct by Hicks. And the Court's continuous efforts to prompt "diligent prosecution" in this action have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to obey the Court's Orders. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the  30th  day of April, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

3